UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD SHAWN ROBINSON,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>L. BUFFALOE, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:19-00824 JLS (ADS)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS |

I.　**BACKGROUND**

　　　Plaintiff Leonard S. Robinson, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983.  On May 18, 2022, the sole remaining Defendants filed a Motion for Summary Judgment.  (Dkt. No. 80.)  The following day, the Court issued an Order Regarding Briefing Schedule and Notice to Plaintiff Regarding Summary Judgment Protocol ("Rand Notice"), which instructed Plaintiff to file an opposition by June 9, 2022.  (Dkt. No. 81.)  On June 7, 2022, the Court received the Rand Notice as returned mail.  (Dkt. No. 82.)  Having receive no opposition to the

Motion for Summary Judgment, on June 15, 2022, the Court ordered Plaintiff to show cause why the case should not be dismissed, in part, for his failure to update his address as required under Local Rule 41-6 ("Order to Show Cause"). (Dkt. No. 83.) The Court cautioned Plaintiff that failure to timely respond to the Order to Show Cause will result in a recommendation that his case be dismissed for failure to comply with Local Rule 416 and for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Id. at 1.) Plaintiff's response to the Order to Show Cause was due by July 6, 2022. (Id.) As of the date of this Order, Plaintiff has not responded to the Order to Show Cause, updated his address, filed an opposition to the Motion for Summary Judgment, or otherwise communicated with this Court.

## II. LEGAL STANDARD

The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing an action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with court orders. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see also Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002). Five factors are weighed in determining whether to dismiss an action for failure to comply with a court order or failure to prosecute: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Pagtalunan, 291 F.3d at 642.

## III. DISCUSSION

Having weighed the five factors, the Court finds the first, second, third, and fifth factors weigh in favor of dismissing this action. As to the first and second factors,

Plaintiff's failure to engage with this case such as failing to file a response to the Court's orders or file an opposition to Defendants' Motion for Summary Judgment has interfered with the public's interest in the expeditious resolution of this litigation, as well with the Court's need to manage its docket. See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("the public's interest in expeditious resolution of litigation always favors dismissal"). As to the third factor, Plaintiff has failed to rebut the presumption that Defendants have been prejudiced by this unreasonable delay. Moneymaker v. Coben (In re Eisen), 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("The law presumes injury from unreasonable delay.") (quoting Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)). As to the fifth factor, there is no less drastic sanction available. After receiving the Rand Notice as returned mail, the Court gave Plaintiff an opportunity to update his address as required under Local Rule 41-6 to ensure that he received adequate notice about how to respond to Defendants' Motion for Summary Judgment. Yet, despite the Court's warning that this case will be dismissed for failure to respond to the Order to Show Cause, Plaintiff chose not to do so. By choosing not to update his address, Plaintiff has deprived the Court and Defendants of the ability to communicate with him regarding the Motion for Summary Judgment and this case. Accordingly, the Court has taken meaningful steps to explore alternatives to dismissal. See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Finally, although the fourth factor always weighs against dismissal, Plaintiff's failure to discharge his responsibility to move the case towards a disposition outweighs the public policy favoring disposition on the merits. Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991)

("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."). Having weighed these factors, the Court finds that dismissal of this action with prejudice is warranted. See also Soto v. Epstein, No. CV 21-1176 CAS (PVC), 2022 WL 1524745, at *3 (C.D. Cal. Apr. 20, 2022) (dismissing pro se civil rights action for plaintiff's failure to update address pursuant to Local Rule 46-6); Saray v. Diaz, No. 5:20-cv-02460-MCS-SHK, 2022 WL 504600, at *2 (C.D. Cal. Feb. 18, 2022) (same).

## IV. CONCLUSION

Accordingly, this action is dismissed with prejudice for failure to failure to prosecute and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b). Judgment is to be entered accordingly.

IT IS SO ORDERED.

Dated: August 17, 2022

_____
THE HONORABLE JOSEPHINE L. STATON
United States District Judge

Presented by:

_____/s/ Autumn D. Spaeth_____
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge